By the Court—Hoffman, J.
The plaintiff offered no evidence under the second cause of action stated in his complaint, and it may be dismissed from our consideration.
*394 One express condition of the bond was, that before the obligors should be called upon to pay, satisfactory evidence should be given to them, that the sum of $10,000 was necessarily paid or incurred in order to carry out the plan; the manner of its expenditure or distribution shall also be exhibited to them.
The complaint alleges that this satisfactory evidence was furnished, and this exhibition made before the commencement of the action. The answer of all the defendants except William Eemsen, by not denying, may be taken to admit this. Eemsen puts it in issue. No evidence touching the matter was given on the trial. It would seem to be entirely fatal to the plaintiff’s case as against Eemsen, that no such proof was given. It is very clear that this was a condition precedent to a recovery, and should have been proved as well as averred.
The answer given to this objection was, that the point does not arise, and cannot be considered here, because the learned •Judge had dismissed the complaint on one particular ground, a ground different from that in question.
The course on the dismissal of the complaint is thus stated: “ The counsel moved for a dismissal of the complaint on the ground that the condition of the bond was not fulfilled, because the plan in the hands of the Commissioners at the date of the bond was not carried out; the gore not-being taken in and Canal street being continued to East Broadway.”
“ His Honor the Judge granted the motion on the ground that the gore was not taken in, and Canal street was continued to East Broadway, which was not according to the plan of the Commissioners at the date of the bond.”
Assuming for the present case, that the Court may not enter upon any other ground which would have justified a dismissal, upon a bill of exceptions, but must limit its view to the question of error or no error in the precise point, we proceed to examine that point.
It seems to us clear that the alteration in the plan, particularly by the omission to take the gore, one side of which was on Centre street, was a material alteration. It was a deviation from the plan originally resolved "upon, and on the execution of which the defendants were to be bound for a sum of no slight character. No one could pretend to say, that it was so indifferent and unim *395 portant as that the conclusion would be irresistible, that the defendants, had it been so proposed originally, would have entered into the same contract. This appears to me to be the true question to be solved.
If a jury had given a verdict for the plaintiff upon the question being left to them, whether the change was material in view of the condition of the bond, it would have been set aside. The case of Pullman v. Corning, (5 Seld., 93,) and the cases there cited contain the principle governing the present. A partial fulfillment of a contract, a deviation from a contract has been held in some leading cases to preclude a recovery where, undeniably, much injustice was done by the strict enforcement of the rule. We are left to conjecture as to the positive loss or injury sustained in the present case.
That the plaintiff neither procured the alteration nor could have prevented it is no reply to the objections against his recovery. His undertaking implied the power to accomplish the work in the mode prescribed, or made payment to depend upon the success of his efforts. It would have been different had the defendants been accessory to the change.
The judgment must be ordered for the defendants, with costs.
Judgrpent for the defendants,